UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEMTOMETRIX INC,<br><br>    Plaintiff,<br><br>v.<br><br>CHONGJI HUANG, et al.,<br><br>    Defendants. | Case No. 23-mc-80332-TSH<br><br>**PUBLIC VERSION OF DISCOVERY ORDER AT ECF NO. 15**<br><br>Re: Dkt. No. 4 |

## I.   INTRODUCTION

This dispute arises out of a series of Rule 45 subpoenas Defendants Chongji Huang, Puxi Zhou, Weiwei Zhao, and Weichong Semiconductor Group issued to four non-parties, JKI, Avaco, SK Hynix, and Samsung Ventures, in a civil action pending in the United States District Court for the Central District of California captioned *FemtoMetrix Inc. v. Chongji Huang et al*, Case No. 8:22-cv-1624-CJC (KES). Plaintiff FemtoMetrix moves for an order quashing the subpoenas, or, in the alternative, for an order modifying the subpoenas or a protective order limiting their scope. ECF No. 4, 7. Defendants oppose the motion to quash. ECF No. 5-3.[1] The Court held a hearing on January 18, 2024, and now issues this order. For the reasons set forth below, the Court **DENIES** FemtoMetrix's motion to quash.

---

[1] For precision's sake, citations herein are to Defendants' actual opposition to Plaintiff's motion to quash, which is filed under seal (ECF No. 5-3). However, most sections of Defendants' opposition cited within this order can be found in the redacted version that Defendants filed on the public docket with their administrative motion to consider whether another party's material should be sealed. *See* ECF No. 5-8 (Defs' Opposition to Plaintiff's Motion to Quash—Public Redacted Version).

## II. BACKGROUND

### A. The Central District of California Litigation

In the underlying action filed in the Central District of California, Plaintiff FemtoMetrix, Inc. alleges that three former employees—Defendants Chongji Huang, Puxi Zhou, and Weiwei Zhao—absconded with its trade-secret information to start a competitor company, Defendant Weichong Semiconductor Group ("Weichong"), in China. *See* ECF No. 1-1, Ex. A [Compl.] ¶¶ 1, 5–6, 9–11.[2] In its complaint for misappropriation of trade secrets and breach of contract, FemtoMetrix further alleges that Defendants used FemtoMetrix's confidential information to solicit investors for Weichong and to take FemtoMetrix's customers. *Id.* ¶ 13. FemtoMetrix alleges that Defendants' continued use of its confidential information violates FemtoMetrix's trade secrets rights, usurps opportunities from FemtoMetrix, and undermines its reputation and proprietary information. *Id.* ¶ 14.

Defendants' subpoenas were initially issued when the parties were facing a January 2024 discovery deadline. On December 21, 2023, the Central District of California granted Plaintiff's application for a 120-day continuance on the trial and moved the close of discovery to June 3, 2024. 8:22-cv-1624 (C.D. Cal.), ECF No. 127.

### B. Prior Discovery

On April 4, 2023, Defendants served their first set of requests for production ("RFPs") on FemtoMetrix. ECF No. 5-3 at 4. Defendants assert, and Plaintiff does not dispute, that FemtoMetrix agreed to produce, *inter alia*, "All… communications related to Weichong"; "All Documents related to similarities and differences between the Accused Products and any products developed, sold, or marketed by Defendants"; "All Documents and Communications related to Your efforts to maintain the secrecy of any FemtoMetrix Alleged Trade Secret and FemtoMetrix Confidential Information"; and "All Documents and Communications related to damages to FemtoMetrix's business, competitive position, and reputation allegedly caused by Defendants

---

[2] The operative complaint in the underlying case remains under seal. *FemtoMetrix Inc. v. Chongji Huang et al*, Case No. 8:22-cv-1624-CJC-KES (C.D. Cal.), ECF No. 1. Citations herein are to a redacted copy of the operative complaint, which FemtoMetrix attached to its motion to quash Defendants' subpoenas. *See* ECF No. 1-1, Ex. A.

2

soliciting investors and customers." ECF No. 5-3 at 4; ECF No. 7 at 12.

On September 8, 2023, the court granted Defendants' motion to compel sufficient trade secret disclosures, ordering Plaintiff "to identify its allegedly misappropriated trade secrets with reasonable peculiarity." ECF No. 1-1, Ex. B, attachment 1; 8:22-cv-1624 (C.D. Cal.), ECF No. 110. According to a declaration submitted by FemtoMetrix's counsel of record, FemtoMetrix provided Defendants with a second supplemental trade secret disclosure within 14 days following the September 8 order. ECF No. 1-1 at 3-4 ¶ 18.

According to Defendants, in November 2023, FemtoMetrix informed Defendants that it had substantially completed its document production. ECF No. 5-3 at 4. Defendants claim that FemtoMetrix's production did not include certain documents known to Defendants to exist, including "(i) commercial contracts between Subpoenants and FemtoMetrix under which the Alleged Trade Secrets were developed; (ii) Subpoenants alleged 'NDAs' with FemtoMetrix governing disclosure of the Alleged Trade Secrets; (iii) investment pitches, negotiations, and contracts between FemtoMetrix and Subpeonants Avaco, SK Hynix, and Samsung Ventures related to the Alleged Trade Secrets; (iv) joint development negotiations between Subpoenants and FemtoMetrix concerning the Alleged Trade Secrets; [redacted]." *Id.* at 4-5.

### C. Protective Order

On May 25, 2023, the Court in the underlying case entered a stipulated protective order ("Protective Order"), recognizing that "[d]isclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted." 8:22-cv-1624 (C.D. Cal.), ECF No. 62 ¶ I.A.

The Protective Order allows parties and non-parties to designate information or items for protection by marking them "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." *Id.* ¶¶ II.3, II.4, II.9. The Protective Order defines "CONFIDENTIAL" information or items as "Disclosure or Discovery Material that qualify for protection under Federal Rule of Civil Procedure 26(c) (regardless of how it is generated, stored, or maintained), including but not limited to personal, financial, proprietary,

3

or commercially sensitive information." *Id.* ¶ II.3.  "CONFIDENTIAL – ATTORNEY'S EYES ONLY" information or items are defined as "[e]xtremely sensitive 'CONFIDENTIAL' Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  *Id.* ¶ II.4.  "HIGHLY CONFIDENTIAL – SOURCE CODE" information or items are defined as "[e]xtremely sensitive 'CONFIDENTIAL' Information or Items representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means."  *Id.* ¶ II.9.

A party may challenge a confidentiality designation "any time that is consistent with the March 10, 2023 Order Consolidating Hearing on Motion for Preliminary Injunction with Trial and Scheduling Trial and Related Pretrial Dates, *see* Dkt. 48, and any subsequent scheduling order by the Court."  *Id.* ¶ VI.1.  The burden of persuasion in a challenge to a confidentiality designation rests on the designating party.  *Id.* ¶ VI.3.

FemtoMetrix "requests that any document produced by any of the subpoenaed witnesses be subject to the Protective Order presently on file in this matter and designated Attorney's Eyes Only."  ECF No. 4 at 12.

**D.     The Third-Party Subpoenas**

In dispute are subpoenas issued to four FemtoMetrix business partners, none of whom are parties to this case.  The four subpoenaed entities are JKI, a vendor that supplies components to FemtoMetrix; Avaco, the manufacturer of the Harmonic F-Series tool, a metrology tool developed by FemtoMetrix; SK Hynix, a FemtoMetrix customer; and Samsung Ventures, a FemtoMetrix investor.  ECF No. 4 at 5.  According to FemtoMetrix, each of these companies holds FemtoMetrix's trade secrets and other confidential information and is subject to various non-disclosure agreements ("NDAs") with FemtoMetrix.  *Id.*

Defendants request the following records from JKI:

1. Contracts between JKI and FemtoMetrix in effect at any time from 2018 to

4

        present.
2. Communications discussing actual or prospective relationships between JKI and FemtoMetrix.
3. Documents sufficient to show the amounts and dates of all payments to JKI by FemtoMetrix.
4. All work product or deliverables provided by JKI to FemtoMetrix.
5. Communications involving JKI regarding the Alleged Trade Secrets.
6. Communications involving JKI regarding any Defendant.

ECF No. 1-1, Ex. B.

Defendants request the following records from Avaco:

1. Contracts between Avaco and FemtoMetrix.
2. Communications with FemtoMetrix discussing actual or prospective relationships between Avaco and FemtoMetrix.
3. Materials provided to Avaco by FemtoMetrix in connection with any actual or prospective investment in FemtoMetrix.
4. Avaco documents and communications concerning the value of FemtoMetrix or its technology.
5. Avaco documents and communications concerning the intellectual property of FemtoMetrix.
6. Communications regarding Avaco's decisions to invest or not invest in FemtoMetrix.
7. Communications involving Avaco regarding the Alleged Trade Secrets.
8. Communications involving Avaco regarding any Defendant.
9. Documents discussing any reason why Avaco has not purchased any Harmonic F Series device from FemtoMetrix.

*Id.*, Ex. D.

Defendants' subpoenas to SK Hynix request the following records:

1. Contracts between SK Hynix and FemtoMetrix.
2. Communications with FemtoMetrix discussing actual or prospective relationships between SK Hynix and FemtoMetrix.
3. Materials provided to SK Hynix by FemtoMetrix in connection with any actual or prospective investment in FemtoMetrix.
4. SK Hynix documents and communications concerning the value of FemtoMetrix or its technology.
5. SK Hynix documents and communications concerning the intellectual property of FemtoMetrix.
6. Communications regarding SK Hynix's decisions to invest or not invest in FemtoMetrix.
7. Communications involving SK Hynix regarding the Alleged Trade Secrets.
8. Communications involving SK Hynix regarding any Defendant.
9. Documents discussing any reason why SK Hynix has not purchased any Harmonic F Series device from FemtoMetrix.

*Id.*, Exs. F, G.

Defendants' subpoenas to Samsung Ventures request the following records:

> 1. Communications with FemtoMetrix discussing actual or prospective relationships between Samsung and FemtoMetrix.
> 2. Materials provided to Samsung by FemtoMetrix in connection with any actual or prospective investment in FemtoMetrix
> 3. Samsung Ventures documents and communications concerning the value of FemtoMetrix or its technology.
> 4. Samsung Ventures documents and communications concerning the intellectual property of FemtoMetrix.
> 5. Communications involving Samsung Ventures and FemtoMetrix regarding any Defendant.
> 6. Documents discussing any reason why Samsung Ventures has not purchased any Harmonic F Series device from FemtoMetrix.

*Id.*, Exs. H, I.

According to FemtoMetrix, counsel for Plaintiff and Defendants participated in a meet-and-confer on December 13, 2023, where counsel for FemtoMetrix requested the subpoenas to JKI, Avaco, SK Hynix, and Samsung Ventures be withdrawn or narrowed in scope, and told counsel "that the subpoenas require disclosing trade secrets or other confidential research, development, and commercial information, as described in [Rule] 45(d)(3)(B)." *Id.* at 2 ¶¶ 13-14. According to FemtoMetrix, Defendants' "[c]ounsel asserted that the subpoenas were necessary because FemtoMetrix had not produced the NDAs in entirety in response to Defendants' Requests for Production of Documents, therefore Defendant[s] are seeking these from third parties." *Id.* at 2-3 ¶ 15.

FemtoMetrix argues that (1) Defendants' subpoenas to SK Hynix and Samsung Ventures violate Rule 45(c), (2) Defendants' subpoenas for documents to JKI and Avaco are defective, (3) Defendants' subpoenas to all four entities fail to provide witnesses with a reasonable time to comply, and (4) Defendants' subpoenas to all four entities require the disclosure of privileged and protected matters. ECF No. 4 at 8-10. FemtoMetrix requests that if the Court does not quash Defendants' subpoenas in their entirely, that they "be meaningfully narrowed to communications regarding" FemtoMetrix's claims. *Id.* at 12. FemtoMetrix maintains that Defendants subpoenaed JKI, Avaco, SK Hynix, and Samsung Ventures solely to harass, annoy, and oppress FemtoMetrix. *Id.* at 3.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Discovery need not be admissible in evidence to be discoverable. *Id.* However, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee notes (2015 amendments). Thus, there is "a shared responsibility on all the parties to consider the factors bearing on proportionality before propounding discovery requests, issuing responses and objections, or raising discovery disputes before the courts." *Salazar v. McDonald's Corp.*, 2016 WL 736213, at *2 (N.D. Cal. Feb. 25, 2016); *Goes Int'l, AB v. Dodur Ltd.*, 2016 WL 427369, at *4 (N.D. Cal. Feb. 4, 2016) (citing advisory committee notes for proposition that parties share a "collective responsibility" to consider proportionality and requiring that "[b]oth parties . . . tailor their efforts to the needs of th[e] case").

Federal Rule of Civil Procedure 45 governs motions to quash or modify a subpoena, and provides that a court must modify or quash a subpoena that, *inter alia,* "fails to allow a reasonable time to comply," "requires a person to comply beyond the geographical limits specified in Rule 45(c)," "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i-iv). However, a party generally "has no standing to quash a subpoena served upon a third party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena." *Wells Fargo & Co. v. ABD Ins.*, No. 4:12-cv-03856-PJH (DMR), 2012 WL 6115612, at *2 (N.D. Cal. Dec. 10, 2012). *See, e.g., Glass Egg Digital Media v. Gameloft, Inc.*, No. 17-cv-04165-MMC (RMI), 2019 WL 2499710, at *5 (N.D. Cal. June 17, 2019) (collecting cases); *Doe v. Kaiser Found. Health Plan, Inc.*, No. 23-cv-2865-EMC (PHK), 2023 WL 8714880, at *3 (N.D. Cal. Dec.

17, 2023).

## IV.   DISCUSSION

### A.   FemtoMetrix's Motion to Quash Subpoenas that Have Yet to Be Served Is Unripe

FemtoMetrix moves to quash all subpoenas issued to its four third-party business partners—JKI, Avaco, SK Hynix, and Samsung Ventures.  Two of these third parties, Avaco and SK Hynix, have been served with their respective subpoenas.  ECF No. 5-3 at 8-9; ECF No. 5-4 at 2.  However, according to Defendants, neither JKI nor Samsung Ventures had been served as of December 14, 2023.  ECF No. 5-3 at 1, n. 1.  In their opposition to FemtoMetrix's motion to quash, Defendants indicated that they "will seek leave from the Trial Court to serve JKI and Samsung Ventures by alternate means." *Id.*  At this point, Defendants have not made any filings seeking leave of this Court or the court in the underlying dispute to serve JKI and Samsung Ventures.  At the January 18 hearing, Defendants stated that JKI and Samsung Ventures have yet to be served with their respective subpoenas.

Accordingly, as JKI and Samsung Ventures have not been served with the subpoenas, there is nothing to quash.  FemtoMetrix's motion to quash these subpoenas is **DENIED** on the ground that it is unripe.

### B.   FemtoMetrix Lacks Standing to Assert Burden Objections to Subpoenas Served on Third Parties

FemtoMetrix raises several objections to Defendants' subpoenas based on the burdens they would impose on the subpoenaed parties.  FemtoMetrix objects to Defendants' subpoenas to SK Hynix on the ground that it would be required to travel more than 100 miles to appear as commanded.  ECF No. 4 at 8.  FemtoMetrix explains that compliance with the subpoenas would require SK Hynix, which is based in Sacramento, to travel 113-118 miles to defense counsel's office in Menlo Park.  *Id.*  FemtoMetrix further objects to the subpoenas to both SK Hynix and Avaco on the ground that Defendants failed to provide the witnesses with reasonable time to comply.  *Id.* at 9-10.

First, to the extent FemtoMetrix objects to the subpoenas directed to third parties based on the burden to those parties, the Court finds that FemtoMetrix lacks standing to do so.  *See, e.g.,*

8

*Glass Egg*, 2019 WL 2499710, at *5 ("Generally speaking, a party to an action does not have standing to move to quash a subpoena served upon a nonparty unless the party claims a personal right or privilege with respect to the documents requested in the subpoena.").

Here, as noted, all the subpoenas FemtoMetrix seeks to quash are issued to third parties, not to FemtoMetrix, and seek documents or information allegedly within the custody, possession, or control of each of the subpoenaed parties. FemtoMetrix's objections regarding timing and travel distance do not pertain to a personal right or privilege with respect to any of Defendants' subpoena requests.

The rule that a party lacks standing to object on the grounds of burden or irrelevance to subpoenas directed to third parties has particular force in this situation, where it is not clear to what extent the subpoenaed parties themselves have asserted that any requests in the subpoenas are unduly burdensome or whether those third parties can successfully negotiate a resolution of such issues with Defendants in their direct negotiations. *See Handloser v. HCL Am., Inc.*, No. 19-cv-01242-LHK (VKD), 2020 WL 4700989, at *4 (N.D. Cal. Aug. 13, 2020) ("[A]s a general matter, a party has no standing to move to quash or for a protective order on the grounds that a subpoena seeks irrelevant information or would impose an undue burden on the non-party . . . [A]fter receiving [third party] VDart's objections, plaintiffs attempted to address VDart's concerns .... These efforts are precisely what Rule 45 requires.").

Accordingly, to the extent FemtoMetrix objects to the subpoenas to SK Hynix or Avaco or seeks a motion to quash the subpoenas on the grounds that they are overbroad, allow insufficient time for compliance, require third parties to travel more than allowed under Fed. R. Civ. P. 45(c), or are otherwise burdensome to the subpoenaed parties or seek irrelevant information, FemtoMetrix's objections are overruled and FemtoMetrix's motion on these grounds is **DENIED** for lack of standing.

**C.     The Subpoena for Document Production to Avaco**

FemtoMetrix argues that the document-only subpoena to Avaco (ECF No. 1-1, Ex. E) must be quashed in its entirety because it references document requests that have not been included as part of the subpoena. ECF No. 4 at 9. Both subpoenas issued to Avaco (one is for testimony and

9

1  documents and the other is just for documents) require the recipient to produce certain documents
2  and other materials and refer the recipient to "See EXHIBIT A and Attachment 1 hereto" for the
3  list of materials the recipient is required to produce. ECF No. 1-1, Exs. D, E. FemtoMetrix argues
4  that because these attachments are missing from one of the subpoenas issued to Avaco, Avaco
5  cannot comply with this subpoena, and FemtoMetrix cannot "properly assess whether its rights are
6  implicated by th[is] subpoena[]." ECF No. 4 at 9.

At the hearing, Defendants stated that their documents-only subpoena to Avaco contained the same requests for production that were in the subpoena to Avaco for testimony and documents. They filed a supplemental declaration at ECF No. 12 that supports this. ECF No. 12 ¶¶ 3-5, Exs. 1, 4. Accordingly, the fact that the service copy of the Avaco documents-only subpoena that was sent to FemtoMetrix ahead of time, *see* Fed. R. Civ. Proc. 45(a)(4) (subpoena for documents must be served on all parties before it is served on the subpoena recipient) was apparently missing the document requests is harmless error, since they were the same requests as in the documents and testimony subpoena to Avaco, which did contain the requests in the service copy. Accordingly, the Court **DENIES** the motion to quash the documents-only subpoena to Avaco on this basis.

**D.     Disclosure of Privileged and Protected Matters**

Finally, FemtoMetrix objects to the subpoenas to SK Hynix and Avaco on the grounds that they require the disclosure of privileged and protected matters. FemtoMetrix asserts that it has shared, subject to mutual non-disclosure agreements, proprietary information with the four subpoenaed companies, "includ[ing] part design and specification, testing data, consumer requirements, technological capabilities, and sensitive financial data that would give competitors an unfair advantage in the market." ECF No. 4 at 11. FemtoMetrix argues Defendants' subpoenas seek such propriety information despite its irrelevance to the litigation and maintains that Defendants "are engaged in a fishing expedition and/or engaging in an abuse of discovery by seeking irrelevant, highly sensitive/proprietary/trade secret information, including such information belonging to FemtoMetrix, from the subpoenaed parties." ECF No. 7 at 12-13.

"[T]he Ninth Circuit has recognized that '[u]nder federal law, there is no absolute privilege for trade secrets; instead, courts weigh the claim to privacy against the need for disclosure in each

10

case, and district courts can enter protective orders allowing discovery but limiting the use of the discovered documents.'" *Gradillas Ct. Reps., Inc. v. Cherry Bekaert, LLP*, No. 18-mc-80064-KAW, 2018 WL 2197544, at *5 (N.D. Cal. May 14, 2018) (quoting *Pasadena Oil & Gas Wyo. LLC v. Mont. Oil Props. Inc.*, 320 F. App'x 675, 677 (9th Cir. 2009)). Federal Rule of Civil Procedure 45(d)(3)(B)(i) gives the court where compliance is required discretion to quash or modify a subpoena on motion "if it requires . . . disclosing a trade secret or other confidential research, development, or commercial information." Defendants argue that Rule 45(d)(3)(B) only applies to protect *nonparty* confidential commercial or trade secret information, and that FemtoMetrix fails to demonstrate "that the subpoenaed information qualifies as third party 'trade secret' or confidential information." ECF No. 5-3 at 11. But Rule 45(d)(3)(B) applies "[t]o protect a person subject to *or affected by* a subpoena" (emphasis added). *See, e.g., Packaging Corp. of Am. v. Bonert's, Inc.*, No. 8:16-cv-818-JVS (KSX), 2019 WL 1123165, at *4 (C.D. Cal. Mar. 11, 2019) (noting "language in Rule 45(d)(3)(B) that expressly contemplates protections for persons 'affected by a subpoena,'" and finding that non-subpoenaed third parties had standing to quash a subpoena served on another non-party based on the third parties' asserted privacy and privilege interests); *AAL USA, Inc. v. Black Hall Aerospace, Inc.*, No. 2:16-cv-02090-KOB, 2018 WL 2463710, at *1 (N.D. Ala. Feb. 22, 2018) ("Rule 45(d)(3)(B) contemplates protecting persons 'affected by a subpoena,' as well as the recipient of a subpoena"). "[A] party moving to quash a non-party subpoena has standing when the party has a personal right or privilege in the information sought to be disclosed." *Knoll, Inc. v. Moderno, Inc.*, No. 12-mc-80193-SI, 2012 WL 4466543, at *2 (N.D. Cal. Sept. 26, 2012) (citing 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2459 (3d ed. 2008)).

Although FemtoMetrix claims Defendants seek "the disclosure of privileged and protected matters," ECF No. 4 at 10, FemtoMetrix does not specifically contend that the subpoenas seek its attorney-client or otherwise privileged materials. ECF No. 4; ECF No. 7. Accordingly, the focus is on whether FemtoMetrix has a personal right in the information sought by the subpoenas. Here, FemtoMetrix has demonstrated that it possesses a cognizable privacy interest in the documents and communications pertaining to its alleged trade secrets and confidential financial information

11

1   sought by the subpoenas, and thus FemtoMetrix has standing to move to quash the subpoenas
2   seeking those materials.
3         As the party seeking to quash the subpoenas, FemtoMetrix bears the burden of persuasion.
4   *Knoll*, 2012 WL 4466543, at *1 ("The party moving to quash a subpoena bears the burden of
5   persuasion."). Here, FemtoMetrix's burden is to identify with sufficient particularity the reasons
6   why the allegedly confidential material is "so sensitive that production should not be required." *In*
7   *re Samsung Elecs. Co.*, No. 2:21-cv-00105-JRG, 2022 WL 425579, at *2 (N.D. Cal. Feb. 11,
8   2022) ("[Declarant for the subpoenaed party Apple]'s statements are generic to all source code and
9   fail to support Apple's argument that the specific source code at issue here is so sensitive that
10  production should not be required."). "Trade secret or commercially sensitive information must
11  be 'important proprietary information' and the party challenging the subpoena must make 'a
12  strong showing that it has historically sought to maintain the confidentiality of this information.'"
13  *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 684 (N.D. Cal. 2006), quoting *Compaq Computer Corp.*
14  *v. Packard Bell Elec., Inc.,* 163 F.R.D. 329, 338 (N.D. Cal. 1995).
15        FemtoMetrix submitted a declaration by its counsel of record, Shoshanna Raphael, to
16  substantiate the particular harm that disclosures by the subpoenaed third parties would pose to
17  FemtoMetrix. ECF No. 1-1. According to FemtoMetrix, proprietary information shared by
18  FemtoMetrix with the subpoenaed companies includes FemtoMetrix's trade secrets, which include
19  "part design and specification, testing data . . . customer requirements, technological capabilities,
20  and sensitive financial data that would give competitors an unfair advantage in the market." ECF
21  No. 1-1 at 2-4 ¶¶ 11, 18; ECF No. 4 at 11. FemtoMetrix specifies that SK Hynix "exclusively
22  provides FemtoMetrix with wafers used to test its technology – which is fundamental to
23  FemtoMetrix's highly confidential research and development of its products and tools." ECF No.
24  4 at 11. Ms. Raphael attests that SK Hynix and Avaco are "subject to a mutual nondisclosure
25  agreement (NDA) with FemtoMetrix," and that the companies "hold FemtoMetrix's trade secrets
26  subject to their respective NDAs." ECF No. 1-1 at 2 ¶ 11.
27        Here, although the information sought is in the possession, custody, and control of third
28  parties, not of FemtoMetrix, the subpoenas seek confidential and proprietary documents.

1  Information including part design and specification, testing data, and technological capabilities
2  clearly constitute important information. While Defendants rightfully point out that NDAs do not
3  automatically shield information from discovery, the existence of NDAs between FemtoMetrix
4  and the subpoenaed companies is indicative of efforts to maintain the confidentiality of this
5  information. And although Defendants cast doubt that the requested information constitutes
6  FemtoMetrix's trade secrets, ECF No. 5-3 at 5-8, such disputes go to the merits of the case rather
7  than the showing FemtoMetrix is required to make on a discovery motion. FemtoMetrix has a
8  genuine privacy interest in its confidential information sought by Defendants in their third-party
9  subpoenas. However, the Court finds the need for disclosure in discovery outweighs
10 FemtoMetrix's claim to privacy when it comes to the trade secrets FemtoMetrix alleges have been
11 misappropriated as well as information to establish whether those trade secrets exist. *See, e.g.,*
12 *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 522 (9th Cir. 1993) ("a plaintiff who seeks
13 relief for misappropriation of trade secrets must identify the trade secrets and carry the burden of
14 showing that they exist."). Further, as noted above, FemtoMetrix states that its trade secrets
15 include sensitive financial information.

### 1. Subpoenas to Avaco and SK Hynix

Defendants issued a set of largely overlapping records requests to Avaco and SK Hynix. *See* ECF No. 1-1, Exs. D, E (as clarified by ECF No. 12), F, G. Because the numeration for these requests varies across the subpoenas to each entity, the Court refers to each request by letter, below, rather than number. The subpoenas to Avaco and SK Hynix each request (A) "Communications with FemtoMetrix discussing actual or prospective relationships between [the subpoenaed company] and FemtoMetrix," (B) "Materials provided to [the subpoenaed company] by FemtoMetrix in connection with any actual or prospective investment in FemtoMetrix," (C) the subpoenaed company's "documents and communications concerning the value of FemtoMetrix or its technology," (D) the subpoenaed company's "documents and communications concerning the intellectual property of FemtoMetrix," (E) "Communications involving [the subpoenaed company] and FemtoMetrix regarding any Defendant," (F) "Documents discussing any reason why [the subpoenaed company] has not purchased any Harmonic F Series device from FemtoMetrix," (G)

13

1  "Contracts between [the subpoenaed company] and FemtoMetrix," (H) Communications regarding

2  [the subpoenaed company's] decisions to invest or not invest in FemtoMetrix," and (I)

3  "Communications involving [the subpoenaed company] regarding the Alleged Trade Secrets."

4      Avaco is the manufacturer of FemtoMetrix's Harmonic F-Series tool, and SK Hynix is a

5  FemtoMetrix customer. ECF No. 4 at 5. Requests A through I relate to FemtoMetrix's claims for

6  trade secret misappropriation, including the value of the alleged trade secrets, and including

7  allegations that Defendants used FemtoMetrix's information to solicit investors and attempted to

8  take its customers (Compl. ¶¶ 5, 11), as well as Defendants' arguments that the alleged trade

9  secrets are not trade secrets or are not the property of FemtoMetrix, and to FemtoMetrix's

10  allegations of damages, including reputational harms and usurpation of opportunities. Compl. ¶¶

11  13-14. These requests seek discoverable information, and the need for this discovery outweighs

12  FemtoMetrix's claim to privacy.

13      The overbreadth objection that FemtoMetrix has standing to raise is that these requests do

14  not have an end date, so they could require the disclosure of trade secrets that FemtoMetrix

15  generated after the individual Defendants left the company. ECF No. 4 at 12; ECF No. 7 at 1.

16  That objection has superficial appeal, but the appeal is only superficial. Communications between

17  the subpoenaed companies and FemtoMetrix – and more generally the relationship between these

18  companies and FemtoMetrix – during the time period after the individual Defendants left

19  FemtoMetrix are highly relevant because that is when the alleged injury and damage occurred or

20  did not occur. Accordingly, imposing an end date on each request to coincide with when the last

21  individual Defendant left FemtoMetrix would make no sense at all.

22      Further, imposing a subject matter carve out for later-created FemtoMetrix trade secrets is

23  unworkable. As FemtoMetrix itself pointed out at the hearing, SK Hynix and Avaco would have

24  no ability to determine what was in that carve-out. FemtoMetrix suggested at the hearing that SK

25  Hynix and Avaco could produce documents to FemtoMetrix in the first instance, and then

26  FemtoMetrix could carve out its later-created trade secrets. But that approach is also infeasible.

27  As noted above, in the underlying lawsuit, the Central District of California granted a motion to

28  compel to force FemtoMetrix to identify the alleged trade secrets at issue in this case. 8:22-cv-

14

1624 (C.D. Cal.), ECF No. 110. Even with this identification, Defendants have made clear they hotly dispute whether some of this information is a trade secret, and if so, whose. ECF No. 5-3 at 6-8. Those issues are for the Central District to resolve in the underlying case, but they do foreshadow that there would likely be big disagreements about whether any of the later-created trade secrets really are trade secrets, and if so, whose. If this Court were to create a subject matter carve-out for later-created FemtoMetrix trade secrets, there are really only two ways to implement that, neither of which is acceptable. First, the Court could let FemtoMetrix unilaterally withhold everything it claims is a later-created trade secret without letting Defendants challenge those withholdings, but that would be an unacceptable black box easily subject to abuse, and Defendants would have no recourse if they suspected that FemtoMetrix was over-withholding. Second, the Court could let Defendants challenge the withholdings, but that would mean that resolving this motion to quash would require a trial-within-a-trial to identify the later-created trade secrets. That is not an efficient way to adjudicate a discovery motion.

However, FemtoMetrix does have a good argument that its later-created trade secrets should not be placed in the hands of the very Defendants who are alleged to have misappropriated the trade secrets at issue in the underlying lawsuit. It seems to the Court that the Protective Order can address that issue. Accordingly, the Court **ORDERS** that any documents produced by SK Hynix or Avaco shall be designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" under the Protective Order, subject to redesignation for any materials that do not qualify for that level of confidentiality.

Finally, the Court makes clear that Avaco and SK Hynix are not before the Court, and the Court has not adjudicated any objections they may have to the subpoenas. Nothing in this order forecloses any objections that Avaco and SK Hynix may wish to make. Nor, of course, has the Court adjudicated any objections that JKI or Samsung Ventures might make if they are served with the subpoenas.

## V. CONCLUSION

For the reasons discussed herein, the Court **DENIES** FemtoMetrix's motion to quash. The Court **ORDERS** that any documents produced by SK Hynix or Avaco shall be designated

"CONFIDENTIAL – ATTORNEY'S EYES ONLY" under the Protective Order, subject to redesignation for any materials that do not qualify for that level of confidentiality.

**IT IS SO ORDERED.**

Dated: January 19, 2024

_____
THOMAS S. HIXSON
United States Magistrate Judge